JS - 6

**UNITED STATES DISTRICT COURT**
**CENTRAL DISTRICT OF CALIFORNIA**

**CIVIL MINUTES - GENERAL**

| | | | |
|---|---|---|---|
| Case No. | CV 08-06271 MMM (JWJx) | Date | July 16, 2009 |

| | |
|---|---|
| Title | *Daniel Dorko v. Federal Deposit Insurance Corporation et al.* |

Present: The Honorable   MARGARET M. MORROW

| ANEL HUERTA | N/A |
|---|---|
| Deputy Clerk | Court Reporter |

| Attorneys Present for Plaintiff : | Attorneys Present for Defendant : |
|---|---|
| None | None |

**Proceedings:**          **Order Dismissing Action**

On May 6, 2009, defendant Federal Deposit Insurance Corporation ("FDIC") filed a motion to dismiss this action for improper service or, in the alternative, for an order directing plaintiff Daniel Dorko to effect proper service by a date certain.  On June 17, 2009, the court granted the FDIC's motion in part.[1]  The court explained the procedures governing service of process set forth in Rule 4(i) of the Federal Rules of Civil Procedure, and noted the deficiencies in plaintiff's prior efforts to serve defendant.[2]

The court directed Dorko to "(1) <u>personally</u> service the United States Attorney for the district in which the action is brought [U.S. Attorney Thomas P. O'Brien, United States Attorney's Office, Central District of California, 1200 U.S. Courthouse, 312 North Spring Street, Los Angeles, CA 90012] <u>or</u> send a copy of the summons and complaint by <u>registered</u> or <u>certified</u> mail to the civil-process clerk at the United States Attorney's office [Civil Process Clerk, United States Attorney's

_____

[1]See Order Granting FDIC's Motion to Dismiss IndyMac Bank; F.S.B.; Granting FDIC's Motion for Proper Service By a Date Certain ("Service Order"), Docket No. 12 (June 17, 2009).

[2]Service Order at 6 and n. 13 ("As noted, Dorko attempted to serve the FDIC and IndyMac Bank via U.S. mail in late September.  The proof of service filed with the court does not indicate that service was effected on the correct parties at the proper addresses via certified or registered mail. Accordingly, Dorko has not complied with Rule 4(i)").

Office, Central District of California – Civil Division, Federal Building, Suite 7516, 300 North Los Angeles Street, Los Angeles, CA 90012]; ***and*** (2) send a copy of the summons and complaint by registered or certified mail to the Attorney General in Washington, D.C. [Attorney General Eric Holder, United States Department of Justice, 950 Pennsylvania Avenue, N.W., Washington, D.C. 20530]; ***and*** (3) send a copy of the summons and complaint by registered or certified mail to the agency defendant [FDIC c/o Robert E. Feldman, Executive Secretary, Federal Deposit Insurance Corporation, 550 17th Street, N.W., Washington, D.C. 20429]."[3]

The court stated that, under Rule 4(m), Dorko had 120 days from the date he filed his complaint in late September 2008 to effect service.  As that time period had already expired, the court exercised its discretion to grant Dorko an extension of time to complete proper service.  It directed him to do so no later than Monday, July 13, 2009.[4]

To date, Dorko has not filed a proof of service indicating that he has complied with Rule 4(i). In its June order, the court warned Dorko that noncompliance would lead to dismissal without further notice.  Despite this warning, Dorko has not effected service on defendant.  Accordingly, the court dismisses the action without prejudice for failure to effect timely service under Rule 4.

---

[3]*Id.* at 5-6 and nn. 9-12.

[4]*Id.* at 7.